# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| RYAN DEANGELO WILSON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) |
| | ) Case No. 18-CV-376-JED-JFJ |
| HECTOR RIOS, JR., Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Ryan Wilson's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1). Also before the Court is Wilson's motion to proceed *in forma pauperis*. For the reasons below, the Court with grant the motion but dismiss the habeas petition for lack of jurisdiction.

**I. Background**

Wilson challenges his state convictions for murder and larceny based on ineffective assistance of counsel and due process violations. (Doc. 1 at 3-9); s*ee also* Tulsa County District Court Case No. CF-1990-4463.[1] The state court sentenced Wilson to life imprisonment on the murder charge and twenty-years imprisonment on the larceny charge. (Doc. 1 at 1). Judgment was entered April 2, 1991. (J&S Docket Entry in Case No. CF-1990-4463). Wilson did not immediately appeal, and there was no substantive case activity for about fourteen years. (Docket Sheet in Case No. CF-1990-4463).

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

On December 22, 2005, Wilson filed a state application for post-conviction relief. (*Id.*). The state court and the Oklahoma Court of Criminal Appeals (OCCA) denied relief. (Orders entered March 9, 2006 and June 13, 2007 in Case No. CF-1990-4463). On August 7, 2007, Wilson filed his first 28 U.S.C. § 2254 petition. (Doc. 1 in Case No. 07-CV-438 CVE-FHM). He argued trial counsel rendered ineffective assistance; his guilty plea was involuntary; and the state court committed various due process violations. (*Id.*). The Court (Hon. Claire Eagan) dismissed the petition as time-barred. (Doc. 18 in Case No. 07-CV-438 CVE-FHM). Wilson then returned to state court and continued to seek post-conviction relief. (Docket Sheet in Case No. CF-1990-4463). The OCCA affirmed the denial of his sixth application for post-conviction relief on September 27, 2017 (2017 OCCA Order). (*Id.*).

Wilson filed the instant § 2254 petition on July 19, 2018. (Doc. 1). He raises the following grounds for relief:

(Ground 1): Trial counsel rendered ineffective assistance;

(Ground 2): The 2017 OCCA Order incorrectly applied Oklahoma law; and

(Ground 3): The 2017 OCCA Order failed to liberally construe Wilson's pleadings in accordance with Oklahoma law.

(Doc. 1 at 4-6). In his prayer for relief, Wilson asks the Court to order his immediate release from prison. (*Id.* at 10-11).

## II. Discussion

### A. *In Forma Pauperis* Motion

By his motion, Wilson seeks to prosecute this 28 U.S.C. § 2254 action without prepaying the $5.00 filing fee. Such relief is available where a prisoner's "affidavit [and] … statement of … assets [demonstrates] that the [prisoner] is unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1). Wilson's affidavit reflects that he receives $11.00 in monthly wages and has little or no money in his inmate accounts. (Doc. 3 at 2-4). The motion will therefore be granted. Although prepayment is excused, Petitioner is still responsible for the full $5.00 filing fee. *See* 28 U.S.C. § 1915(a)(1).

### B. Initial Review of Habeas Petition

Wilson's petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. *Sua sponte* dismissal is also required where the Court lacks jurisdiction to grant relief. *See Olmos v. Holder,* 780 F.3d 1313, 1316 (10th Cir. 2015) (addressing federal courts' duty to *sua sponte* examine jurisdiction). "If the petition is not dismissed, the judge must order the respondent to file an answer…." Habeas Corpus Rule 4.

The instant filing constitutes a second § 2254 petition because it "asserts [and] reasserts a federal basis for relief from [his] … underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until [the Tenth Circuit] has granted the required authorization." *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). When the motion is filed without authorization, the Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

3

*Id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter …." *Id.* at 1252. To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence. 28 U.S.C. § 2244(b)(2).

The instant petition does not cite a new rule of constitutional law or newly discovered evidence. Instead, Wilson reasserts the ineffective-assistance argument presented to Judge Eagan and alleges the OCCA misapplied state law in denying his sixth post-conviction challenge. (Doc. 1 at 4-6). The latter argument fails as a matter of law. Section 2254 is a vehicle for challenging a state conviction or sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). While the original appeal is relevant to that determination, *see* § 2254(d), nothing in the statute permits federal courts to review subsequent, ancillary OCCA decisions. And, even if the Court could review the OCCA decision, "federal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran,* 562 U.S. 1, 16 (2010) (quotations omitted).

To the extent Wilson raises defects in his original criminal proceeding, the *Cline* factors weigh against a transfer. The Court cannot reach the merits of the claims, if filed anew, because they are clearly time barred. *See U.S. v. Greer,* 881 F.3d 1241, 1245 (10th Cir. 2018) ("Before addressing the merits of [a habeas] claim, [the petitioner] must show that he can satisfy procedural requirements," including timeliness). The limitation period applicable to habeas claims is one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). As the Court previously explained, the conviction and judgment became final in 1996, and the one-year limitation period was not tolled. (Doc. 18 in 07-CV-438 CVE-FHM). A finding of good faith

4

would also be dubious, as the petition repeatedly, and erroneously, recites this is Wilson's first § 2254 proceeding. (Doc. 1 at 4, 6, and 7). The Court therefore concludes a transfer to the Tenth Circuit is not in the interest of justice, and the petition must be dismissed for lack of jurisdiction.

### III. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Wilson has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The *in forma pauperis* motion (Doc. 3) is granted.

2. The habeas corpus petition (Doc. 1) is dismissed without prejudice for lack of jurisdiction; a certificate of appealability is denied; and judgment will be entered.

ORDERED this 19th day of October, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE